IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MTP HOSPITALITY SOLUTIONS, INC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> AFFILIATED FM INSURANCE § <br> COMPANY, § <br> § <br> Defendant. § | CIVIL ACTION NO. 7:23-cv-00099 |

**DEFENDANT AFFILIATED FM INSURANCE COMPANY'S
ORIGINAL ANSWER AND DEFENSES**

Defendant Affiliated FM Insurance Company ("AFM" or "Defendant") files this its Answer and Defenses to Plaintiff MTP Hospitality Solutions, Inc.'s ("Plaintiff" or "MTP") Original Petition and would respectfully show the Court as follows:

# ANSWER

## I.
## DISCOVERY CONTROL PLAN LEVEL[1]

1. The allegations in this paragraph of Plaintiff's Original Petition are legal conclusions and require no response from AFM.[2] To the extent a response is required, AFM states that this paragraph makes procedural requests under state law that are nullified by removal to federal court.

---

[1] AFM has included in this Answer the various headings used by Plaintiff in its Original Petition. AFM does not believe any response to these headings is required. To the extent a response to these headings is required, the statements contained therein are denied.

[2] AFM has numbered the paragraphs in Plaintiff's Original Petition for the convenience of the Court. A copy of Plaintiff's Original Petition with numbered paragraphs is attached as Exhibit A.

## II.
## PARTIES AND SERVICE

2. Defendant admits the information set forth by Plaintiff in this paragraph. In addition to the information provided, Plaintiff is a Texas corporation with its principal place of business in Texas.

3. Denied.

4. Admitted.

## III.
## JURISDICTION AND VENUE

5. The allegations in this paragraph of Plaintiff's Original Petition are legal conclusions and require no response from AFM. To the extent a response is required, AFM admits that the conduct giving rise to this lawsuit occurred in whole or in part in Midland County, Texas and the property that is the subject of this suit is located in whole or in part in Midland County, Texas. AFM denies the remaining allegations in this paragraph.

## IV.
## BACKGROUND FACTS

6. AFM admits that the property listed in paragraph 6 of Plaintiff's Original Petition is covered by a policy of insurance, numbered ES676 (the "Policy"), issued by AFM to Plaintiff. This coverage is subject to all terms, conditions, and exclusions found in the Policy.

7. AFM admits Plaintiff noticed a claim to AFM for a freeze loss and resulting water damage. AFM admits it assigned an adjuster to this loss. AFM denies the remaining allegations in paragraph 7.

8. Denied.

9. Denied.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT AFFILIATED FM

**A.     BREACH OF CONTRACT**

10.     Defendant incorporates by reference its answers to the preceding allegations. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations in paragraph 10.

11.     This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations in this paragraph. AFM specifically denies that Plaintiff has carried out and accomplished all conditions precedent to recovery under the Policy.

**B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

**1.     UNFAIR SETTLEMENT PRACTICES**

12.     Defendant incorporates by reference its answers to the preceding allegations. This paragraph contains legal theories and conclusions of law to which no response is required. AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations in Paragraph 12.

13.     This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations in paragraph 13.

**2.     THE PROMPT PAYMENT OF CLAIMS**

14.     Defendant incorporates by reference its answers to the preceding allegations. This paragraph contains legal theories and conclusions of law to which no response is required. To the

extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

15. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

16. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

17. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

18. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

19. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

## C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

20. Defendant incorporates by reference its answers to the preceding allegations. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

21. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

22. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

## VI.
## KNOWLEDGE

23. Defendant incorporates by reference its answers to the preceding allegations. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

## VII.
## DAMAGES

24. Defendant incorporates by reference its answers to the preceding allegations. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

25. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

26. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

27. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

28. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

29. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

30. This paragraph contains legal theories and conclusions of law to which no response is required. To the extent a response is required, AFM denies that Plaintiff is entitled to any relief in this action and accordingly denies the allegations set forth in this paragraph.

### VIII.

31. Defendant incorporates by reference its answers to the preceding allegations. The allegations in this paragraph of Plaintiff's Original Petition purport to characterize the insurance Policy between AFM and Plaintiff, which speaks for itself. AFM respectfully refers the Court to the Policy for its complete contents. AFM denies the allegations in this paragraph to the extent they are facts and not legal theories or conclusions.

32. The allegations in this paragraph of Plaintiff's Original Petition purport to characterize the insurance Policy between AFM and Plaintiff, which speaks for itself. AFM respectfully refers the Court to the Policy for its complete contents. AFM denies the allegations in this paragraph to the extent they are facts and not legal theories or conclusions.

33. The allegations in this paragraph of Plaintiff's Original Petition purport to characterize the insurance Policy between AFM and Plaintiff, which speaks for itself. AFM

respectfully refers the Court to the Policy for its complete contents. AFM denies the allegations in this paragraph to the extent they are facts and not legal theories or conclusions.

## IX.

34. Defendant incorporates by reference its answers to the preceding allegations. AFM specifically denies that Plaintiff is entitled to any judgment against AFM in this matter and/or the recovery of any actual damages, punitive damages, exemplary damages, pre- and post-judgment interest, attorneys' fees, court costs, and equitable relief. To the extent necessary, AFM denies the allegations in this paragraph of Plaintiff's Original Petition.

## DENIAL OF CONDITIONS PRECEDENT

Defendant specifically denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit.

## FIRST DENIAL

1. The Policy applies only to loss that occurs during the policy period, which is September 24, 2020 to September 24, 2021 at 12:01 A.M., Standard Time. To the extent that any part of the loss of which Plaintiff complains did not occur during this period, the Policy provide no coverage for such loss.

## SECOND DENIAL

2. Defendant's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the applicable Policy's deductible(s). If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the applicable deductible(s).

## THIRD DENIAL

3. Plaintiff's loss is only recoverable, if at all, to the extent provided by the Policy's Valuation provision, which states in part:

**1.** Adjustment of physical loss to property will be determined based on the lesser of the following unless stated otherwise below or elsewhere in this Policy:

**a)** The cost to repair.

**b)** The cost to rebuild or replace on the same site with new materials of like size, kind and quality.

**c)** The cost to rebuild, repair or replace on the same or another site, but not to exceed the size and operating capacity that existed on the date of loss.

\* \* \*

**12.** On property if not repaired, replaced or rebuilt on the same or another site within two years from the date of loss, unless such time is extended by the Company, the **actual cash value**.

## FOURTH DENIAL

4.	Plaintiff's claims are barred, in whole or in part, by the Policy's Requirements in Case of Loss / Requirements in Case Loss Occurs, which includes a requirement that the insured send AFM a proof of loss, including setting forth "the amount of loss to each item," within 90 days of the loss.

## FIFTH DENIAL

5.	Plaintiff's claims are barred, in whole or in part, by the Policy's Legal Action Against This Company and Suit Against Company provisions, which include a requirement that Plaintiff has fully complied with all the provisions of the Policy before bringing suit. This includes but is not limited to compliance with the Appraisal provision of the Policy, with which Plaintiff has refused to comply.

## DEFENSES

### FIRST DEFENSE

6. Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles contained in the Policy issued to Plaintiff, including any endorsements attached thereto.

### SECOND DEFENSE

7. The amount recoverable for Plaintiff's claims is limited by the applicable limits and any sub-limits contained in the Policy.

### THIRD DEFENSE

8. Plaintiff's claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered cause of loss.

### FOURTH DEFENSE

9. Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

### FIFTH DEFENSE

10. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to allocate its alleged damages between losses caused by a covered cause of loss and those caused by non-covered losses such as damages which occurred prior to the inception of the Policy and/or damages which were caused by excluded causes of loss under the Policy.

**SIXTH DEFENSE**

11. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to make reasonable and necessary repairs to protect the insured property from further damage, as required by the Policy.

**SEVENTH DEFENSE**

12. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate its claimed damage.

**EIGHTH DEFENSE**

13. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's loss.

**NINTH DEFENSE**

14. Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's petition fails to state a claim against Defendant upon which relief can be granted.

**TENTH DEFENSE**

15. Plaintiff's claims are barred, in whole or in part, by the Policy's Ordinance or Law exclusion, which excludes loss from the enforcement of any ordinance or law regulating the construction, use or repair of any property; or requiring the tearing down of any property, including the cost of removing its debris.

**ELEVENTH DEFENSE**

16. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusions for indirect or remote loss or damage, loss of use or loss of market, and loss or damage or deterioration arising from any delay.

### TWELTH DEFENSE

17. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for settling, cracking, shrinking, bulging or expansion of foundations, walls, floors, pavements or roadways, roofs, and ceilings.

### THIRTEENTH DEFENSE

18. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for wear and tear, deterioration, depletion, rust, corrosion, erosion, inherent vice or latent defect in property that causes it to damage or destroy itself.

### FOURTEENTH DEFENSE

19. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for faulty workmanship, material, construction or design that causes physical loss or damage.

### FIFTEENTH DEFENSE

20. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss or damage caused by or resulting from changes of temperature and/or relative humidity.

### SIXTEENTH DEFENSE

21. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for contamination, and any cost due to contamination including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy.

### SEVENTEENTH DEFENSE

22. To the extent there is other insurance applicable to Plaintiff's alleged losses, and/or to the extent that plaintiff has or will recover all or part of its alleged losses or damages from any third party, any recovery under the Policy must be reduced by the application of such other insurance or third-party recovery.

**EIGHTEENTH DEFENSE**

23.     Plaintiff's claims for alleged bad faith and violations of the Texas Insurance Code are barred to the extent Plaintiff did not sustain damages (if any) independent of the denial of benefits under the Policy.

**NINTEENTH DEFENSE**

24.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. AFM and its employees, agents, representatives, and adjusters are entitled to value claims differently from AFM's policyholders without facing bad faith or extra-contractual liability. AFM would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence to covered property.

**TWENTIETH DEFENSE**

25.     AFM denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Ann. Chapter 41 and Tex. Ins. Code Sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate AFM's state and federal constitutional rights. AFM affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. An award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) AFM will not be

afforded equal protection against extra-contractual damages that would be limited or capped for others.

26. As a specific defense, AFM asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

a) Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

## TWENTY-FIRST DEFENSE

27. Plaintiff's claim for attorney's fees is barred, in whole or in part, by the doctrine of excessive demand.

## TWENTY-SECOND DEFENSE

28. Plaintiff's claims are barred, in whole or in part, by the Policy's Appraisal provision, which Defendant has invoked.

## RESERVATION OF RIGHTS

By appearing and answering herein, Defendant does not waive, and expressly reserves, all rights and defenses that Defendant may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendant may have (or that may arise) under the Policy and/or applicable law. In particular, Defendant has demanded appraisal for the remaining issues in dispute and will seek to stay all litigation pending resolution of that process.

## PRAYER

Affiliated FM Insurance Company prays that (i) Plaintiff's claims for relief be denied, (ii) Plaintiff take nothing by its claims, and (iii) Affiliated FM Insurance Company be granted such other and further relief to which the Court may find it is justly entitled.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Shannon M. O'Malley*
    Shannon M. O'Malley
    Texas Bar No. 24037200
    somalley@zellelaw.com
    Michael P. O'Brien
    Texas Bar No. 24103418
    mobrien@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR AFFILIATED FM INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 7th day of July 2023:

Shannon E. Loyd
shannon@lp-lawfirm.com
Robert A. Pollom
robert@lp-lawfirm.com
LOYD & POLLOM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, TX 78249
Telephone:    210-775-1424
Facsimile:    210-775-1410

**ATTORNEYS FOR PLAINTIFF**

*/s/ Shannon M. O'Malley*
Shannon M. O'Malley